UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DERRICK D. BAKER,

      Plaintiff,

         v.                        CAUSE NO. 1:24-CV-557-JD-JEM

QUALITY CORRECTIONAL CARE,
NURSE MICHAEL, NURSE BRANDY,
NURSING STAFF, JANE DOE, JANE
DOE, and JANE DOE,

      Defendants.

OPINION AND ORDER

Derrick D. Baker, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Baker alleges that on November 10, 2024, Officer Bell passed out the dinner trays to his block at the Allen County Jail. When Baker received his tray, he bit into the biscuit and something hard and sharp stabbed into and through his gum on the top left side of his mouth. It caused extreme pain. He called for Officer Bell, who was still on G-Block

passing trays, and the officer came to his cell and checked Baker's mouth with his flashlight. Officer Bell went to go call medical, and returned saying that medical personnel said they were not going to see him and they were not taking the object out. If he wanted it out, he would have to pull it out himself.

Baker tried to pull it out twice but was unable to. The attempts caused even more pain and bleeding. He informed Officer Bell that it hurt badly and it was a medical issue.

Officer Bell again went to go call medical. When he returned, he said that medical personnel told him to pull it out. Thus, he took Baker to the dayroom and tried to pull out the object with a pair of toenail clippers that was on the block. Officer Bell pulled hard, causing extreme pain and more bleeding. He was unable to pull it out, though. When he saw the pain and damage that he caused, he called medical again. At that point, medical called Baker down to the medical room, where they took pictures to send to the provider. The provider told medical staff that the object had to come out. Nurse Brandy numbed Baker's gums and pulled the sharp, metal piece out. It appeared to be a staple. ECF 1-1 at 3. Baker sues Quality Correctional Care and several members of the medical staff for refusing him medical care.

Baker is a pretrial detainee, so his medical claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cnty. of Lake*, 900 F.3d 335 (7th Cir. 2018). As such, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison*

2

*Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Baker does not plausibly allege any unreasonable actions on the part of the medical staff. In response to a report that he had something stuck in his gums after biting into something sharp, they told him to try and remove it himself. When that didn't work, they told someone else to try and remove it. When that didn't work, Baker was seen in medical. Baker's condition was not life-threatening, and it was not unreasonable for the medical staff to insist Baker try to remove the object himself. Once it proved that his attempts were unsuccessful, he received treatment.

Plus, Baker received treatment that same night. So liability would be limited to any harm caused by the delay. A delay in providing treatment can be unreasonable, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). "[W]hether the length of a delay is tolerable depends on the seriousness of the condition and the ease of providing treatment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (en banc), *as amended* (Aug. 25, 2016). This was not a life-threatening condition, and Baker received treatment within a few hours. He has not plausibly alleged unreasonable actions on the part of the medical staff.

This complaint does not state a claim for which relief can be granted. If Baker believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Derrick D. Baker until **April 16, 2025**, to file an amended complaint; and

4

5

(2) CAUTIONS Derrick D. Baker if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 14, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT