UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DERRICK D. BAKER,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>QUALITY CORRECTIONAL CARE,<br>NURSE MICHAEL, NURSE BRANDY,<br>NURSING STAFF, JANE DOE, JANE<br>DOE, and JANE DOE,<br><br>　　　　Defendants. | CAUSE NO. 1:24-CV-557-JD-JEM |

OPINION AND ORDER

Derrick D. Baker, a prisoner without a lawyer, filed a complaint that the court determined did not state a claim for relief. ECF 1, ECF 4. In that complaint, Baker described how at dinner on November 10, 2024, at the Allen County Jail, he bit into a biscuit and something sharp, which they later discovered was a staple, stabbed into and through his gums, causing him extreme pain. He called for help from the officer who was passing out the meals. The officer looked inside Baker's mouth with a flashlight, then called medical to report the situation. Medical told him that Baker needed to pull the object out himself. Baker tried unsuccessfully twice, then appealed to the officer again. This time, when the officer contacted medical, they told the officer to try and pull it out himself. The officer tried to pull it out, using a pair of communal toenail clippers that were on the block, but was unsuccessful. At this point, the officer called medical

again, and they instructed him to bring Baker to the medical room. Nurse Brandy then numbed Baker's gums and pulled the staple out. ECF 1.

Based on these facts, the court concluded that Baker did not state a claim for constitutionally inadequate medical care under the Fourteenth Amendment. ECF 4. The Fourteenth Amendment requires that jail staff take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Here, the medical decision that Baker contests is the nurse's decision—twice—for Baker to remain in his block and attempt to remove the foreign object without medical intervention before he was eventually treated. The reasonableness of that decision is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Id.* (emphasis omitted). The court determined in the first screening order that it was not objectively unreasonable for nursing staff to instruct Baker to try and remove the object himself before they got involved in this non-life-threatening situation.

Furthermore, Baker was not denied treatment, it was merely delayed. A delay in providing treatment can be unreasonable, particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). But liability would be limited to any harm caused by the delay. And the court concluded that the short delay in treating a condition that was not life threatening did not state a claim under the Fourteenth Amendment.

Baker was given the opportunity to file an amended complaint, and he has done so. ECF 5. The court must review the merits of that amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Baker's amended complaint largely tracks his original complaint, except he alleges now that after the officer was unable to remove the object, the officer himself—not medical staff—made the decision to take Baker to medical and "made medical see [him]." ECF 5 at 1. This change—whether medical called him down or whether the officer brought him down—is of no import because the fact remains that he was treated the same evening he was injured. The length of delay here is perhaps less than a free person might experience waiting in a hospital emergency room for medical care. *Cf. Knight v. Wiseman,* 590 F.3d 458, 466 (7th Cir. 2009) (no Eighth Amendment violation where inmate received medical care for shoulder injury within two and half hours, since "[a]n unincarcerated individual may well consider oneself fortunate if he receives medical attention at a standard emergency room within that short of a period of time."). A refusal to treat him once the officer brought him down might raise concerns. But he was treated.

In the amended complaint, Baker emphasizes the pain and bleeding he experienced when he and the officer tried to pull out the object themselves, and he claims this injury is attributable to the nurses' refusal to see him right away. However, as discussed above, it was not unreasonable for the nurse to instruct Baker to try and remove the object himself, which conceivably would cause additional pain in the attempt and still not turn this situation into a constitutional violation.

Finally, Baker alleges that his gums became infected, which required a course of antibiotics. It is not plausible that the infection is attributable to the brief delay in treatment—rather than the injury itself—so this is not a basis to proceed. He fears he might have contracted a disease from the officer's use of the communal toenail clippers inside his mouth and says he is "being seen by Board of Health for HIV and Hepatitis testing." ECF 5 at 3. Baker's speculation that he might have contracted a disease from the toenail clippers, with no concrete signs of any disease months later, cannot form the basis of a claim here. *See Walker v. Leibert*, 844 F. App'x 920, 922 (7th Cir. 2021) ("[T]o the extent Walker seeks damages based on the risk of what *could have* happened to him as a result, that risk is not actionable under § 1983 without actual injury." (emphasis in original)).

The amended complaint does not state a claim for relief. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82

4

F.4th 564, 572 (7th Cir. 2023). Here, Baker was given the opportunity to explain how he was harmed by the delay in being seen by medical staff, and he could not. It would be futile to allow him another chance to do so.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on June 9, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

5